IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| **JEFFREY HUNTER, individually and as next friend of J.H. and A.H.,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | Docket No. 2-12-cv-0085 |
| **KATHRYN O'DAY, Commissioner, Tennessee Department of Children's Services, et al.** | ) ) ) ) ) | Sharp/Griffin |
| **Defendants.** | ) | |

## DEFENDANTS' AMENDED ANSWER TO COMPLAINT

The defendants herein state the following for their Amended Answer to the Plaintiffs' Complaint within the time provided by Fed. R. Civ. P. 15:

1. The defendants lack knowledge or information sufficient upon which to form a belief as to the truth of the averments of the first sentence of paragraph no. 1 of the Complaint, but admit the averments of the second sentence of paragraph no. 1.

2. The defendants admit the averments of paragraph no. 2 of the Complaint to the extent they provide that J. H. is a 15 year old girl, and lack knowledge or information sufficient upon which to form a belief as to the truth of the remaining averments of paragraph no. 2.

3. The defendants admit the averments of paragraph no. 3 of the Complaint to the extent they provide that A. H. is an 11 year old girl, and lack knowledge or information sufficient upon which to form a belief as to the truth of the remaining averments of paragraph no. 3.

4. The defendants admit the averments of paragraph no. 4 of the plaintiffs' Complaint.

5. The defendants admit the averments of paragraph no. 5 of the plaintiffs' Complaint.

6. The defendants admit the averments of paragraph no. 6 of the plaintiffs' Complaint.

7. The defendants admit the averments of paragraph no. 7 of the plaintiffs' Complaint.

8. The defendants admit the averments of paragraph no. 8 of the plaintiffs' Complaint.

9. The defendants admit the averments of paragraph no. 9 of the plaintiffs' Complaint.

10. The defendants admit the averments of paragraph no. 10 of the plaintiffs' Complaint, and deny wrongdoing on their part.

11. The defendants admit the averments of the first sentence of paragraph no. 11 of the Complaint to the extent they provide that the sole claim asserted herein by the plaintiffs is a claim pursuant to 42 USC § 1983 for alleged violations of the United States Constitution. The defendants admit the averments of the second sentence of paragraph no. 11 to the extent they provide that this Court has jurisdiction to adjudicate 42 USC § 1983 claims.

12. The defendants admit the averments of paragraph no. 12 of the plaintiffs' Complaint.

13. The defendants admit the averments of paragraph no. 13 of the plaintiffs' Complaint but deny that the individual defendants had knowledge of the initial referral and "screening out" at the time of their involvement.

14. The defendants admit the averments of paragraph no. 14 of the plaintiffs' Complaint but deny that the individual defendants had knowledge of the identity of the referent.

15. The defendants admit the averments of the first sentence of paragraph no. 15 of the plaintiff's Complaint and deny the averments of the second sentence of paragraph no. 15 of the Complaint.

16. The defendants deny the averments of paragraph no. 16 of plaintiffs' Complaint to the extent they provide that the K.H. went to the Overton County Sheriff's Office on August 16, 2011 and reported that she refused to return to the home of her father, but admit that K.H. went to the Livingston Police Department on August 16, 2011 and reported that she refused to return to the home of her father.

17. The defendants deny the averments of paragraph no. 17 of the plaintiffs' Complaint.

18. The defendants deny the averments of paragraph no. 18 of plaintiffs' Complaint to the extent they provide that Shannon Vickers arrived at the Overton County Sherriff's Department and interviewed K. H, but admit that Shannon Vickers interviewed K.H. on August 16, 2011 at 6:45 p.m.

19. The defendants admit the averments of the first sentence of paragraph no. 19 of plaintiffs' Complaint to the extent they provide that K.H. reported to Defendant Shannon Vickers that she believed M. H.'s accusation against Jeffrey Hunter, that she refused to return to Jeffrey Hunter's home, that Jeffrey Hunter had never sexually abused her nor touched her in any way

3

that made her feel uncomfortable, and that she had never known Jeffrey Hunter to abuse any child other than her friend M. H, and deny the remaining averments of the first sentence of paragraph no. 19. The defendants admit the averments of the second sentence of paragraph no. 19, and assert that K. H. reported that she feared that her father would sexually abuse her and that she did not know what else he might do in the face of the allegations made by M. H.

20. The defendants admit the averments of paragraph no. 20 of the plaintiffs' Complaint to the extent they provide that Defendant Shannon Vickers reported the substance of her entire interview with K. H. to Defendant Jennifer Fisher, and deny the remaining averments of paragraph no. 20.

21. The defendants admit the averments of paragraph no. 21 of the plaintiffs' Complaint.

22. The defendants admit the averments of the first sentence of paragraph no. 22 to the extent they provide that defendants Vickers, Fisher, Denton, and Austin, after consultation with and approval by the General Counsel of the Department of Children's Services, determined that circumstances required the prompt removal of K. H., J. H., and A. H., and deny all remaining averments of paragraph no. 22.

23. The defendants admit the averments of paragraph no. 23 of the plaintiff's Complaint to the extent they provide that defendant Vickers and Livingston Police Officer Tim Poore travelled to Jeffrey Hunter's home on August 16, 2011 and removed J. H. and A. H. without a warrant. The defendants deny the remaining averments of paragraph no. 23 of the Complaint.

24. The defendants admit the averments of the first sentence of paragraph no. 24 of the Complaint, and admit the averments of the second sentence of paragraph no. 24 to the extent

they provide that defendant Vickers removed J. H. and A. H. from their father's house on behalf of the Tennessee Department of Children's Services.

25. The defendants admit the averments of the first sentence of paragraph no. 25 of the plaintiffs' Complaint to the extent they provide that on August 17, 2011 defendant Fisher contacted defendant Cothern and instructed her to "rescreen" the referral, and deny the remaining averments of the first sentence. The defendants admit the second sentence of paragraph no. 25 to the extent it provides that defendant Cothern entered the rescreening of the referral into the computer system at the request of defendant Fisher, and deny the remaining averments of the second sentence. The defendants admit the averments of the third sentence to the extent that the computer entry triggered the computerized file of a DCS Child Protective Services investigation of Jeffrey Hunter and A. H and J. H, but deny that the computer entry otherwise caused or "resulted" in the investigation or removal of said minors which were the result of the request for assistance from Livingston Police Officer Tim Poore.

26. The defendants admit the averments of paragraph no. 26 of the plaintiffs' Complaint, but deny that the individual defendants had knowledge that Laurie Seber made the referral on this case.

27. The defendants deny the averments of paragraph no. 27 of the plaintiffs' Complaint.

28. The defendants deny the averments of the first sentence of paragraph no. 28 of the plaintiffs' Complaint since the quoted statement does not appear in the Petition. Defendants deny the averments of the second sentence of paragraph no. 28.

29. The defendants admit the averments of the first sentence of paragraph no. 29 of the plaintiffs' Complaint to the extent they refer to the Petition filed on behalf of the Tennessee

Department of Children's Services. Defendants deny the averments of the second sentence of paragraph no. 29.

30. The defendants admit the averments of the first sentence of paragraph no. 30 of the plaintiffs' Complaint to the extent they refer to the Petition filed on behalf of the Tennessee Department of Children's Services. Defendants deny the averments of the second sentence of paragraph no. 30.

31. The defendants deny the averments of paragraph no. 31 of the plaintiffs' Complaint.

32. The defendants admit the averments of the first sentence of paragraph no. 32 of the plaintiffs' Complaint to the extent they provide that Defendant Shannon Vickers arranged the forensic interviews of K. H., J. H., and A.H. at the Child Advocacy Center in Cookeville, Tennessee and lack knowledge or information sufficient upon which to form a belief as to the truth of the remaining averments of the first sentence of paragraph no. 32. The defendants deny the averments of the second sentence of paragraph no. 32.

33. The defendants lack knowledge or information sufficient upon which to form a belief as to the truth of the averments of paragraph no. 33 and admit that the forensic interviews state what they state.

34. The defendants deny the averments of paragraph no. 34 of the plaintiffs' Complaint.

35. The defendants admit the averments of the first sentence of paragraph no. 35 of the plaintiffs' Complaint. The defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of the second sentence of paragraph no. 35.

36. The defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of paragraph no. 36 of the plaintiffs' Complaint.

37. The defendants deny the averments of paragraph no. 37 of the plaintiffs' Complaint.

38. The individual defendants lack knowledge or information sufficient upon which to form a belief as to the truth of the averments of paragraph no. 38 of the plaintiffs' Complaint and admit same on behalf of the State of Tennessee.

39. The individual defendants lack knowledge or information sufficient upon which to form a belief as to the truth of the averments of paragraph no. 39 of the plaintiffs' Complaint and admit same on behalf of the State of Tennessee.

40. The individual defendants lack knowledge or information sufficient upon which to form a belief as to the truth of the averments of paragraph no. 40 of the plaintiffs' Complaint and admit same on behalf of the State of Tennessee.

41. The individual defendants lack knowledge or information sufficient upon which to form a belief as to the truth of the averments of paragraph no. 41 of the plaintiffs' Complaint and admit same on behalf of the State of Tennessee.

42. The individual defendants lack knowledge or information sufficient upon which to form a belief as to the truth of the averments of paragraph no. 42 of the plaintiffs' Complaint and admit same on behalf of the State of Tennessee.

43. The individual defendants lack knowledge or information sufficient upon which to form a belief as to the truth of the averments of paragraph no. 43 of the plaintiffs' Complaint and admit same on behalf of the State of Tennessee.

44. The defendants lack knowledge or information sufficient upon which to form a belief as to the truth of the averments of paragraph no. 44 of the plaintiffs' Complaint.

45. The defendants deny the averments of paragraph no. 45 of the plaintiffs' Complaint.

46. The defendants admit the averments of paragraph no. 46 of the plaintiffs' Complaint to the extent they are consistent with the language of the United States Constitution and denies them to the extent that they are inconsistent therewith.

47. The defendants deny the averments of paragraph no. 47 of the plaintiffs' Complaint.

48. The defendants deny the averments of paragraph no. 48 of the plaintiffs' Complaint.

49. The defendants admit the averments of paragraph no. 49 of the plaintiffs' Complaint to the extent they are consistent with the language of the United States Constitution and denies them to the extent that they are inconsistent therewith.

50. The defendants deny the averments of paragraph no. 50 of the plaintiffs' Complaint.

51. The defendants admit the first sentence of paragraph no. 51 to the extent that same is an accurate statement of the law and deny said averments to the extent they are not. The defendants deny the averments of the second sentence of paragraph no. 51 of the plaintiffs' Complaint.

52. The defendants deny the averments of paragraph no. 52 of the plaintiffs' Complaint.

53. The defendants deny the averments of paragraph no. 53 of the plaintiffs' Complaint.

54. The defendants deny the averments of paragraph no. 54 of the plaintiffs' Complaint.

55. The defendants admit the averments of the first sentence of paragraph no. 55 of the plaintiffs' Complaint to the extent they are consistent with the Constitution and law interpreting same and deny them to the extent that they are inconsistent therewith. The defendants deny the averments of the second sentence of paragraph no. 55 of the plaintiffs' Complaint.

56. The defendants deny the averments of the **second** paragraph no. 54 of the plaintiffs' Complaint.

57. The defendants deny the averments of the **second** paragraph no. 55 of the plaintiffs' Complaint.

58. The defendants admit the averments of paragraph no. 56 of the plaintiffs' Complaint.

59. The defendants admit the averments of paragraph no. 57 of the plaintiffs' Complaint.

60. The defendants deny the averments of paragraph no. 58 of the plaintiffs' Complaint.

61. The defendants deny the averments of paragraph no. 59 of the plaintiffs' Complaint.

62. The defendants admit the averments of paragraph no. 60 of the plaintiffs' Complaint.

63. The defendants admit the averments of paragraph no. 61 of the plaintiffs' Complaint.

64. The defendants deny the averments of paragraph no. 62 of the plaintiffs' Complaint.

65. The defendants deny the averments of paragraph no. 63 of the plaintiffs' Complaint.

66. The defendants deny the averments of paragraph no. 64 of the plaintiffs' Complaint.

67. The defendants deny the averments of the **second** paragraph no. 64 of the plaintiffs' Complaint.

68. The defendants deny the averments of paragraph no. 66 of the plaintiffs' Complaint.

69. The defendants deny the averments of paragraph no. 67 of the plaintiffs' Complaint.

70. The defendants deny that the plaintiffs are entitled to the relief demanded in their request for relief.

71. The defendants deny all averments of the plaintiffs' Complaint which were not specifically admitted or denied herein above.

## AFFIRMATIVE DEFENSES

72. The Complaint fails to state a claim upon which relief may be granted against the defendants.

73. The individual defendants are entitled to absolute immunity from liability for all federal claims asserted against them herein.

74. Alternatively, the individual defendants are entitled to qualified immunity from liability for all federal claims asserted against them herein.

75. The State of Tennessee and all defendants in their official capacities are absolutely immune from all damage claims asserted herein (including punitive damages) by the Eleventh Amendment to the United States Constitution.

76. The defendants affirmatively assert that no unconstitutional actions, inactions, omissions, policies, customs or procedures on their part proximately caused the plaintiffs' alleged injuries.

77. Alternatively, should the individual defendants be found to have committed actions which are determined to be unconstitutional as alleged in the Complaint, those actions were taken pursuant to policy and/or practice of the Tennessee Department of Children's Services.

78. The plaintiffs' claims are barred in part or in the entirety by the doctrines of collateral estoppels and/or *res judicata*.

79. To the extent plaintiff seeks a hearing for adjudication of his status as an indicated perpetrator of child sexual abuse, he has failed to exhaust his state remedies and/or said claim is not ripe for adjudication herein.

80. The defendants contend that punitive damages are not proper in this case, but alternatively request that in the event this Court determines punitive damages to be properly considered in this case, that the issue of punitive damages be bifurcated for purposes of trial.

81. The defendants herein contend that they are entitled to recover their attorneys fees and expenses herein pursuant to 42 U. S. C. § 1988.

82. The defendants hereby give notice of their intention to avail themselves of all the defenses, immunities and limitations available to them by statute and/or common law, and reserve the right to amend this Answer accordingly as discovery progresses.

WHEREFORE, the defendants pray that this Court dismiss the plaintiffs' claims asserted herein with prejudice, award these defendants their costs and attorneys fees, and all other relief to which they may be entitled.

Respectfully submitted,

ROBERT E. COOPER, JR.
Attorney General and Reporter

*/s/ Mary Byrd Ferrara*
MARY BYRD FERRARA
Assistant Attorney General
General Civil Division
P.O. Box 20207
Nashville, TN 37202
(615) 532-7913
BPR No. 000229

*/s/ Leslie Curry*
LESLIE CURRY
Assistant Attorney General
General Civil Division
P.O. Box 20207
Nashville, TN 37202
(615) 532-9634
BPR No. 19812

## CERTIFICATE OF SERVICE

   I hereby certify that a true and exact copy of the foregoing document has been forwarded by first-class U.S. Mail, postage paid, to:

  Melanie Stepp Lane
  Attorney for Plaintiffs
  P.O. Box 797
  Jamestown, TN 38556


On this, the 5th day of December, 2012.

                */s/ Mary Byrd Ferrara*
                MARY BYRD FERRARA
                Assistant Attorney General

13

Case 2:12-cv-00085   Document 23   Filed 12/05/12   Page 13 of 13 PageID #: 107