IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| **JEFFREY HUNTER, individually** <br> **and as next friend of J.H. and A.H.,** <br>     **Plaintiff** <br> <br> vs. <br> <br> **KATHRYN O'DAY, in her official** <br> **capacity as Commissioner of the** <br> **Tennessee Department of Children's** <br> **Services,** <br> **ANNE AUSTIN, individually,** <br> **DORIS DENTON, individually,** <br> **JENNIFER FISHER, individually,** <br> **SHANNON VICKERS, individually,** <br> **JENNIFER COTHERN, individually,** <br>     **Defendants** | **CASE NO.: 2-12-CV-0085** <br>     <u>**JURY DEMAND**</u> <br> <br> Sharp/Griffin |

## AMENDED COMPLAINT

### INTRODUCTION

Plaintiff, Jeffrey Hunter, individually and as next friend of J.H. and A.H., brings this action pursuant to 42 U.S.C. §1983 to redress the deprivation, under color of law, of the deprivation of Jeffrey Hunter's and J.H.'s and A.H.'s constitutional rights under the First, Fourth, Ninth and Fourteenth amendments to the U.S. Constitution.

### PARTIES

(1) Plaintiff, Jeffrey Hunter, resides in Overton County, Tennessee. His address is 209 Mountain Road, Livingston, Tennessee 38570. He is the father of three daughters, K.H., J.H. and A.H. K.H. is a 17-year-old girl who is not a party to this lawsuit.

1

(2)     J.H. is a 15-year-old girl who resides in Overton County, Tennessee. She appears in this action through her father and next friend, Jeffrey Hunter, whose address is 209 Mountain Road, Livingston, Tennessee 38570.

(3)     A.H. is an 11-year-old girl who lives in Overton County, Tennessee. She appears in this action through her father and next friend, Jeffrey Hunter, whose address is 209 Mountain Road, Livingston, Tennessee 38570.

(4)     Defendant, Kathryn O'Day is the Commissioner of the Tennessee Department of Children's Services and is sued in her official capacity. Pursuant to T.C.A. §37-5-105 she is responsible for the proper operation of the Department. Her business address is 436 6th Avenue North, Cordell Hull Building, 7th Floor, Nashville, Tennessee 37243.

(5)     Anne Austin is an employee of the Tennessee Department of Children's Services and is believed to be a resident of Putnam County, Tennessee. She is sued in her individual capacity.

(6)     Doris Denton is an employee of the Tennessee Department of Children's Services and is believed to be a resident of Warren County, Tennessee. She is sued in her individual capacity.

(7)     Jennifer Fisher is an employee of the Tennessee Department of Children's Services and is believed to be a resident of White County, Tennessee. She is sued in her individual capacity.

(8)     Shannon Vickers is an employee of the Tennessee Department of Children's Services and is believed to be a resident of Putnam County, Tennessee. She is sued in her individual capacity.

(9) Jennifer Cothern is an employee of the Tennessee Department of Children's Services and is believed to be a resident of Davidson County, Tennessee. She is sued in her individual capacity.

(10) All defendants were acting under color of law at all times relevant to the allegations in this complaint.

## JURISDICTION AND VENUE

(11) Plaintiff, Jeffrey Hunter individually and as next friend of J.H. and A.H., brings this action pursuant to 42 U.S.C. §1983 alleging violations of the United States Constitution. This Court has jurisdiction over such claims pursuant to 28 U.S.C. §1331 and 1343(a) (3).

(12) Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because the claims arise in this district.

## FACTS

(13) In August, 2011, the Tennessee Department of Children's Services (DCS) Central Intake, received a referral alleging Plaintiff, Jeffrey Hunter, had sexually abused a 17-year-old girl, M.H., who was a friend of his oldest daughter and had been a guest in his home. The referral was "screened out" pursuant to DCS policy and no investigation was initiated.

(14) On the morning of August 16, 2011, DCS employee Laurie Seber called Tennessee Department of Children's Services Central Intake and alleged that Jeffrey Hunter had sexually abused 17-year-old M.H. within the past two weeks, that law enforcement had been informed, that Jeffrey Hunter had three daughters living in his home, but that none of his daughters had reported sexual abuse.

3

(15) At 10:53 a.m. on August 16, 2011, DCS Team Leader, Marva J. Sowders, "screened out" this referral because the alleged sexual abuse victim was over the age of 13, the alleged perpetrator was not a caretaker of the alleged victim, and there were no allegations of harm to any of Jeffrey Hunter's children. This action was consistent with criteria outlined in Tennessee Department of Children's Services Administrative Policies and Procedures.

(16) In the afternoon of August 16, 2011, K.H. arrived at the Livingston Police Department and reported that she refused to return to the home of her father Jeffrey Hunter.

(17) The Livingston Police Department contacted a local office of the Tennessee Department of Children's Services.

(18) At 6:45 p.m. on August 16, 2011, Defendant, Shannon Vickers, arrived at the Livingston Police Department and interviewed K.H.

(19) K.H. reported to Defendant Shannon Vickers that she believed M.H.'s accusation against Jeffrey Hunter, that she refused to return to Jeffrey Hunter's home, that Jeffrey Hunter had never sexually abused her nor touched her in any way that made her feel uncomfortable, and that she had never known Jeffrey Hunter to abuse any child. K.H. told Defendant Shannon Vickers that Jeffrey Hunter had never sexually abused J.H. or A.H.

(20) Defendant Shannon Vickers reported this information to Defendant Jennifer Fisher.

(21) Defendant Jennifer Fisher consulted Defendant Doris Denton and Defendant Anne Austin.

(22) Defendants Shannon Vickers, Jennifer Fisher, Doris Denton, and Anne Austin decided to remove K.H., J.H. and A.H. from their father's home. Defendants had no warrant or court order for this removal, nor was it justified by probable cause or exigent circumstances. Defendants had no reason to believe that either J.H. or A.H. was at risk of immediate harm.

4

Case 2:12-cv-00085   Document 26   Filed 02/19/13   Page 4 of 13 PageID #: 127

These Defendants do not generally remove children from their parents home when there are no allegations of harm to the children. These Defendants deliberately chose to treat Jeffrey Hunter, A.H. and J.H. differently from other persons similarly situated, with no rational basis for the disparate treatment.

(23) Defendant Shannon Vickers accompanied by a Livingston Police Officer travelled to Jeffrey Hunter's home and removed J.H. and A.H. on the night of August 16, 2011. Defendant Shannon Vickers entered Jeffrey Hunter's home without a warrant and without his consent. There were no exigent circumstances to justify the entry.

(24) Defendant Shannon Vickers informed J.H. and A.H. that she was removing them from their father's home. Defendant Shannon Vickers removed J.H. and A.H. from their father's home.

(25) On August 17, 2011, Defendant Jennifer Fisher, contacted Defendant Jennifer Cothern and instructed Jennifer Cothern to "rescreen" the referral because the children had been removed the previous evening. Defendant Jennifer Cothern "rescreened" the referral. This "rescreening" resulted in a DCS Child Protective Services investigation of Jeffrey Hunter and A.H. and J.H.

(26) The DCS placed K.H., A.H., and J.H. in the home of their maternal grandparents on the evening of August 16, 2011. The children's maternal aunt, Laurie Seber, a Tennessee Department of Children's Services employee who made the referral also lived in this home.

(27) On August 19, 2011 Defendant Shannon Vickers, on behalf of the Tennessee Department of Children's Services filed a Petition to Declare Children Dependant and Neglected and for Emergency Temporary Legal Custody, in which she swore that the allegations contained therein were true.

5

Case 2:12-cv-00085   Document 26   Filed 02/19/13   Page 5 of 13 PageID #: 128

(28) In this Petition Defendant Shannon Vickers alleged that K.H. stated that her 17-year-old friend "told her on the morning of August 7, 2011 what (K.H.'s) father had done." Defendant Shannon Vickers knew this allegation to be false.

(29) In the Petition Defendant Shannon Vickers alleged that K.H. "reported that she fears sexual abuse by her father." Defendant Shannon Vickers knew this allegation to be false.

(30) In the Petition, Defendant Shannon Vickers alleged that "all of the children are at risk of sexual abuse if they remain in the care, custody, and control of their father." Defendant Shannon Vickers knew this allegation to be false.

(31) Based upon the false allegations in the Petition, Defendant Shannon Vickers sought and obtained an ex parte emergency custody order from the Overton County Juvenile Court on August 19, 2011.

(32) On August 24, 2011, Defendant Shannon Vickers had K.H., J.H., and A.H. forensically interviewed at the Child Advocacy Center in Cookeville, Tennessee, K.H., J.H., A.H. stated that they had never been inappropriately touched. Defendant Shannon Vickers did nothing more to investigate the allegations against Jeffrey Hunter.

(33) J.H. stated in this forensic interview that she had been present and awake during the evening of August 6, 2011 when M.H. alleged she was inappropriately touched by Jeffrey Hunter. J.H. further stated that she had been in a location in the home where she had an unobstructed view of the door to the room where M.H. slept and that J.H. knew with certainty that Jeffrey Hunter never entered the room during the time M.H. alleged the touching took place.

(34) Defendants Shannon Vickers, Jennifer Cothern, Jennifer Fisher, Doris Denton, and Anne Austin knowingly and intentionally concealed the information from J.H.'s and A.H.'s forensic interviews from Jeffrey Hunter and his attorney.

6

(35) The Overton County Juvenile Court held an Adjudicatory Hearing on January 4, 2012 in which the Juvenile Judge found K.H., J.H., and A.H. were not dependant and neglected. The Judge based his finding, in large part, upon J.H.'s testimony regarding Jeffrey Hunter's lack of access to M.H. on the evening of the alleged incident. J.H. and A.H. returned to their father's home on January 4, 2012.

(36) Jeffrey Hunter was compelled to incur $47,800.00 in legal fees in order to regain custody of his daughters.

(37) Jeffrey Hunter, J.H. and A.H. have suffered damages due to Defendant Shannon Vickers's unlawful entry of the Hunter home, the removal of J.H. and A.H. from their father's home, the five month separation and the Child Protective Services investigation.

(38) On November 17, 2011, Tennessee Department of Children's Services notified Jeffrey Hunter that the department had classified him as an indicated perpetrator of child sexual abuse and that he could request a formal file review of this decision. DCS made this classification pursuant to Tennessee Comprehensive Rules and Regulations 250-7-9.

(39) Jeffrey Hunter requested and was granted the formal file review. Jeffrey Hunter requested DCS provide him with the reasons for their decision to classify him as a perpetrator of child sexual abuse and the evidence upon which DCS relied in order for Mr. Hunter to provide rebuttal evidence for the formal file review.

(40) On January 31, 2012, DCS informed Mr. Hunter via letter, "Regarding the evidence upon which the Department relies on for abuse and neglect you may review the Department's rules and policies that govern indications of abuse. You can access the DCS policies by going to www.tennessee.gov." DCS provided no further information to Mr. Hunter regarding the requested reasons or evidence. Mr. Hunter was unable to provide rebuttal evidence

because he was not informed of the evidence upon which DCS relied or the agency's rationale for the decision.

(41) On March 16, 2012 DCS informed Jeffrey Hunter that it had completed the formal file review in his case and that the decision to indicate him was upheld. DCS further stated that this was the end of his review process.

(42) On March 29, 2012, Jeffrey Hunter requested a hearing to contest DCS's decision to classify him as a child sex abuser and informed DCS that he planned to pursue employment that involved working with children.

(43) On April 4, 2012 DCS informed Jeffrey Hunter that he did not qualify for a hearing.

(44) Plaintiff, Jeffrey Hunter, desires to pursue employment in child care and education. In June and July 2012 Jeffrey Hunter applied for employment with childcare centers and was compelled to disclose his status as an indicated perpetrator of child abuse.

(45) Jeffrey Hunter has suffered damage as a result of Defendants decision to indicate him as a perpetrator of child abuse.

## CAUSES OF ACTION

### FOURTH AMENDMENT

(46) The Fourth Amendment to the U. S. Constitution provides that all persons have a right to be protected against unreasonable searches and seizures.

(47) Defendants Shannon Vickers, Jennifer Fisher, Doris Denton, and Anne Austin violated J.H.'s and A.H.'s right against unreasonable seizure when they caused the two children to be forcibly removed from their father's home on August 16, 2011.

8

(48)     Defendant Shannon Vickers violated Jeffrey Hunter's right against unreasonable searches when she entered his home on August 16, 2011 without his consent.

## FIRST AND NINTH AMENDMENT

(49)     The first and ninth amendments to the U. S. Constitution provide a right to freedom of association.

(50)     Defendants Shannon Vickers, Jennifer Fisher, Doris Denton, and Anne Austin violated Jeffrey Hunter's, J.H.'s and A.H.'s right to freedom of association when they forcibly removed J.H. and A.H. from their father's home on August 16, 2011 and/or prevented the children returning to their father's home. Defendant's actions were knowing violations of the law.

## FOURTEENTH AMENDMENT

**Removal of Children**

(51)     Jeffrey Hunter has a fundamental liberty interest in the care custody and control of his minor children. Defendants, Shannon Vickers, Jennifer Fisher, Doris Denton, and Anne Austin deprived him of this right without due process of law when they forcibly removed J.H. and A.H. from Jeffrey Hunter's home on August 16, 2011.

(52)     Procedural due process requires Jeffrey Hunter receive notice and an opportunity to be heard prior to the removal of his daughters. Defendants Shannon Vickers, Jennifer Fisher, Doris Denton, and Anne Austin deprived Plaintiff Jeffrey Hunter of this process. This action by Defendants was a knowing violation of the law.

9

(53) Defendant Shannon Vickers deprived Jeffrey Hunter's liberty interest in the care, custody, and control of his children without due process by making false representations in a verified petition.

(54) Jeffrey Hunter, J.H. and A.H. have a state-created right to be free from unnecessary separation from each other. Defendants Shannon Vickers, Jennifer Fisher, Doris Denton, and Anne Austin violated this right. This action by Defendants was a knowing violation of the law.

(55) Jeffrey Hunter, A.H. and J.H. have a constitutional right to equal protection of the law. Defendants Shannon Vickers, Jennifer Fisher, Doris Denton and Anne Austin denied Plaintiffs equal protection.

**Unlawful Investigation**

(56) Jeffrey Hunter, J.H. and A.H. have a state-created right to be free of a Tennessee Department of Children's Services Child Protective Services investigation. Defendants Jennifer Fisher and Jennifer Cothern deprived Plaintiffs of this right without due process of law when Defendants Jennifer Fisher and Jennifer Cothern initiated a C.P.S. investigation contrary to Tennessee Department of Children's Services policy.

(57) Tennessee Department of Children's Services Administrative Policies and Procedures 14.3 provides that all reports of abuse will be "screened in" if the report meets the appropriate criteria or "screened out" if the report does not meet the appropriate criteria. A report must be "screened in" for an investigation to be conducted.

(58) Tennessee Department of Children's Services Administrative Policies and Procedures 14.1 (G) provides criteria for CPS Involvement. This procedure specifies that a report of sexual abuse on a child between the ages of 13 and 18 years old will be accepted for investigation only when the alleged perpetrator meets certain relationship criteria.

(59) M.H. was seventeen years old in August, 2011.

(60) Jeffrey Hunter did not meet the relationship criteria.

(61) The report of abuse of M.H. was appropriately screened out by Central Intake on August 16, 2011 and referred to law enforcement.

(62) Tennessee Department of Children's Services Administrative Policies and Procedures 14.3 (F) provides criteria for reconsideration of Central Intakes screening decisions.

(63) Tennessee Department of Children's Services Administrative Policies and Procedures 14.3 (F) (3) outlines circumstances in which "screened out" referrals can be reconsidered.

(64) None of the reconsideration circumstances existed in Jeffrey Hunter's case on August 17, 2011.

**Child Abuse Indication**

(65) The procedures the Tennessee Department of Children's Services used to indicate Jeffrey Hunter and place him on the child abuse registry are fundamentally unfair and unreliable. The Plaintiff was unable to effectively defend himself because he was never informed of the evidence against him or the rationale for his indication.

(66) Tennessee law prohibits all persons who are indicated by DCS as perpetrators of child abuse from working in child care centers, adult daycare centers, and in certain jobs in numerous Tennessee government agencies and entities that contract with these agencies.

(67) Plaintiff, Jeffrey Hunter is legally prohibited from working in his chosen profession due to DCS's decision to classify him as an indicated perpetrator of child sexual abuse.

(68) Plaintiff, Jeffrey Hunter has constitutionally protected liberty interest in pursuing employment in his chosen profession.

11

(69) DCS deprived Jeffrey Hunter of his liberty interest without due process of law.

**REQUEST FOR RELIEF**

Therefore Plaintiff respectfully requests that this Honorable court:

(1) Declare Tenn. Comp. Rules and Regs. 0250-7-9 unconstitutional pursuant to Rule 57 of Federal Rules of Civil Procedure.

(2) Enjoin Defendant Kathryn O'Day from listing Plaintiff Jeffrey Hunter on the Tennessee Department of Children's Services Child Abuse Registry and order the expungement of Plaintiff's Department of Children's Services records; or, in the alternative, order Defendant Kathryn O'Day, to reserve the decision to list Plaintiff on the registry and to fully advise Plaintiff of the allegations made against him, the reason(s) why Defendant chose to indicate him and place his name on the Child Abuse Registry, and the evidence against him, and in addition provide a full and fair hearing before a neutral and detached hearing officer wherein Plaintiff may present his defense.

(3) Award compensatory damages against Defendants Shannon Vickers, Jennifer Fisher, Anne Austin, Doris Denton and Jennifer Cothern in an amount not to exceed $2,000,000.00.

(4) Award Plaintiffs punitive damages against Defendants Anne Austin, Doris Denton, Jennifer Fisher, Shannon Vickers, and Jennifer Cothern in an amount not to exceed $4,000,000.00.

(5) Award Plaintiff reasonable costs and expenses of this action including attorney's fees pursuant to 42 U.S.C. §1988.

(6) Convene a jury of 12 to try this case.

(7) Grant such further relief as Plaintiffs may prove themselves entitled.

12

RESPECTFULLY SUBMITTED this the 28th day of January, 2013.

        JEFFREY HUNTER, INDIVIDUALLY AND AS
        NEXT FRIEND OF J.H. and A.H.,
        PLAINTIFF,


/s/ Melanie S. Lane
MELANIE S. LANE, BPR #26423
mlane@romerlane.com
ROMER & LANE, PLLC
205 S. Norris Street / P.O. Box 797
Jamestown, Tennessee 38556
(931) 879-8144 telephone
(931) 879-8145 facsimile


I hereby certify that on the 28th day of January, 2013, a copy of the foregoing order was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to:

Mary Ferrara
Mary.ferrara@ag.tn.gov

Leslie Curry
Leslie.curry@ag.tn.gov


/s/ Melanie Stepp Lane
MELANIE STEPP LANE
Attorney for Plaintiff/appellant